# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 06-CR-107-LRR |
| vs. | **ORDER** |
| LORENZO ROUNDTREE, | |
| Defendant. | |

_____

The matter before the court is Defendant Lorenzo Roundtree's Motion in Limine ("Motion") (docket no. 43). Defendant asks the court to exclude three categories of evidence from trial: (1) Defendant's prior criminal history and arrests; (2) any reference to tapes, transcripts and cell phones; and (3) all statements by non-parties. The government partially resists the Motion.

## *I. BACKGROUND*

Defendant is charged in a one-count Indictment. Count 1 charges that, on or about December 31, 2004, Defendant knowingly and intentionally distributed a mixture or substance containing a detectable amount of heroin to another person, resulting in the death of said person, after having been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 851.

## *II. PRIOR CRIMINAL HISTORY AND ARRESTS*

First, Defendant asks the court to exclude "[a]ny and all references to [Defendant's] criminal history or arrests, which include prior drug related offenses." Defendant objects to such evidence pursuant to Federal Rules of Evidence 401, 402 and 404. Defendant does not specify the nature or number of his prior arrests or convictions.

The government represents to the court that Defendant has two prior felony convictions. On October 29, 2002, Defendant was convicted of Delivery of a Controlled Substance in Cook County (Illinois) Circuit Court ("2002 Conviction"). On May 10, 2006, Defendant was convicted of Aggravated Unlawful Use of a Weapon in the same court ("2006 Conviction").

The government contends that Defendant's 2002 Conviction is admissible pursuant to Federal Rule of Evidence 404(b), because it proves his motive, knowledge and intent for the instant charge. The government contends that, if Defendant testifies, his 2006 Conviction would be admissible pursuant to Federal Rule of Evidence 609 to impeach his credibility.

### A. 2002 Conviction

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). "The rule excludes evidence of specific bad acts used to circumstantially prove a person has a propensity to commit acts of that sort." *United States v. Johnson*, 439 F.3d 884, 887 (8th Cir. 2006). "Propensity evidence, whether of a person's general character or examples of specific bad acts, is ordinarily excluded because of the likelihood the jury may misuse it." *Id.*

That said, Rule 404(b) provides that evidence of prior bad acts "may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Rule 404(b) is "a rule of inclusion rather than exclusion and admits evidence of other crimes or acts relevant to any issue in the trial, unless it tends to prove only criminal disposition." *United States v. Simon*, 767 F.2d 524, 526 (8th Cir. 1985) (internal quotations omitted). Such evidence is admissible if it is:

2

> "1) relevant to a material issue raised at trial, 2) similar in kind and close in time to the crime charged, 3) supported by sufficient evidence to support a jury finding the defendant committed the other act, and 4) its probative value is not substantially outweighed by its prejudicial value."

*Johnson*, 439 F.3d at 887 (quoting *United States v. Kern*, 12 F.3d 122, 124-25 (8th Cir. 1993)).

First, the court finds that Defendant's 2002 Conviction is relevant to Defendant's motive, knowledge and intent to commit the charged offense. *See United States v. Adams*, 401 F.3d 886, 894 (8th Cir. 2005) ("We have held on numerous occasions that a prior conviction for distributing drugs . . . [is] relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs."). Second, the alleged conduct underlying Defendant's 2002 Conviction and the conduct alleged in the charged offense are similar in kind, because they both involve the delivery of a controlled substance, *see id.*, and "close in time," because they allegedly occurred a little more than two years apart, *see, e.g., United States v. Walker*, 470 F.3d 1271, 1275 (8th Cir. 2006) (affirming admission of Rule 404(b) evidence, where prior bad acts and charged conduct were approximately eighteen years apart); *see also Adams*, 401 F.3d at 894 (stating that a four-year interval was "well within the bounds of admission" under Rule 404(b)) (internal quotation marks and citation omitted). Third, because the government represents to the court that it has a certified copy of Defendant's 2002 Conviction, there is sufficient evidence to support a jury finding that Defendant committed the conduct underlying Defendant's 2002 Conviction. Fourth, the probative value of the evidence is not substantially outweighed by its prejudicial value. Out of an abundance of caution, however, the court shall give the jury a limiting instruction. *See Walker*, 470 F.3d at 1275 (approving of use of limiting instruction, because it diminishes the risk of any unfair

3

prejudice). Accordingly, the court shall deny this part of the Motion.

### B. 2006 Conviction

The government opines that, if Defendant testifies, his 2006 Conviction is admissible pursuant to Rule 609. Because it is unknown whether Defendant will testify, any ruling on this issue would be premature. Accordingly, the court shall grant this part of the Motion. The court grants the government leave to re-raise the issue if Defendant testifies.

### III. TAPES, TRANSCRIPTS AND CELL PHONES

Defendant asks the court to exclude "[a]ny and all reference to tapes, transcripts of such recordings made from audio recording, and cell phones." Defendant objects to such evidence pursuant to "the best evidence rule" and Rules 402, 403 and 404. The government represents to the court that no such tapes or cell phones exists, and it does not intend to introduce any transcripts. Accordingly, the court shall grant this part of the Motion.[1]

### IV. HEARSAY STATEMENTS

Lastly, Defendant asks the court to exclude "[a]ny and all statements made by non-parties for the reason that all statements are hearsay." Defendant objects to such statements pursuant to Rules 801 and 802.

---

[1] The government states that it did obtain records of cell phone calls between Defendant and his alleged drug customers. The government has reduced this information to two spreadsheets, which it intends to introduce at trial pursuant to Rule 1006. Although Defendant does not object to such evidence, the court notes that the evidence is generally inadmissible unless the government lays a proper foundation. *See United States v. Grajales-Montoya*, 117 F.3d 356, 361 (8th Cir. 1997) (Rule 1006 "appears to contemplate that . . . [a summary] will have been prepared by a witness available for cross-examination, not by the lawyers trying the case").

4

All out-of-court statements made by non-parties are not necessarily inadmissible hearsay, and thus the court declines to issue the blanket ruling that Defendant seeks. For example, the government intends to introduce a number of out-of-court statements of alleged co-conspirators pursuant to Rule 801(d)(2)(E). Rule 801(d)(2)(E) defines such statements as non-hearsay. Without knowing the precise nature of the statements in this case in advance of trial, the court declines to rule on their admissiblity in this Order. The court shall follow the usual *Bell* procedures. *See generally United States v. Bell*, 573 F.2d 1040 (8th Cir. 1978) (establishing the procedure for the admission of co-conspirator statements under Rule 801(d)(2)(E)). The court notes that Rule 801(d)(2)(E) applies even when, as here, the defendant is not charged with a conspiracy. *United States v. Johnson*, 767 F.2d 1259, 1271 (8th Cir. 1985).

## V. DISPOSITION

**IT IS THEREFORE ORDERED:**

(1) The court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion (docket no. 43);

(2) The parties shall not directly or indirectly refer to or elicit answers from witnesses on prohibited subjects in the presence of the jury. Each party is charged with the responsibility of cautioning their witnesses and making them aware of the court's Order; and

(3) The period between the filing of the Motion and the filing of this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

5

**IT IS SO ORDERED.**

**DATED** this 8th day of March, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

6